When an officer retires, the service secretary has a certain degree of control over how much he is going to be paid in his retirement. We have been arguing over how much control and how much the courts have to say about that. Mr. Wilkinson, as I understand it, and please pardon me if I am wrong, your argument is essentially this, if the Air Force finds facts A, B, and C, in other words, if the Air Force determines, the secretary determines, that Mr. Gerson committed those acts, that is something that can be reviewed for substantial evidence. However, what you are saying is, what you acknowledge what can't be reviewed for substantial amounted to unsatisfactory performance. Is that correct? Exactly. And the next minute of what I was going to say, you have just summed up. The only thing to add, well, not the only thing, but the thing to add after that is that we also say that before 2015, when Mr. Gerson was approved or promoted to the pay grade of 08, the secretary doesn't have substantial evidence of any misconduct. You are talking about all the conduct before March of 2015, the conduct involving these other two women. Exactly. They don't have substantial evidence of any military misconduct, which we say is what you need to have in order to get to that weighting process. Well, except the IG report talks about evidence that this occurred. I thought your argument was that your client didn't have access to the secretary's decision, so he didn't know that her decision was based on the IG report. That was our argument on the waiver issue, but not on the justiciability issue. On the justiciability issue, our argument is, and it's Well, put aside the justiciability issue.  Very good. I mean, let's assume you are right about that, that this is justiciable. We have a situation in which the IG report said he did have these relations with these other women, and you got a chance to argue against that at the corrections board, and you didn't prevail. The problem was, at the corrections board, and in the IG report, and everywhere else, they never established a standard by which these relations with civilian women would be a military offense or military misconduct. Yeah, but the problem is, and I think this is just parodying what Judge Dyke said, if I understood him, was that if we assume, assuming we can review for substantial evidence to take the justiciability off the table, how could we not conclude that there was substantial evidence? You didn't press, if I'm reading what happened below, you didn't preserve the argument you're making here that this did not establish misconduct. I read your filing to challenge the nature of the evidentiary support for the alleged relationships, not whether those relationships constituted misconduct for violating some custom. So I don't understand how you could have preserved, and I think we all agree under Metz, I think that's the case, if you go to the board, you have to have preserved the arguments before the board when you go to the CFC. Okay. And that is first the waiver issue then, before I get to the rest of it. Firstly at the board, Mr. Gersten was in no position to know that the Secretary's decision was based entirely on a finding of conduct on becoming an officer, which is what you're talking about. That may be true, but he certainly knew that that was an issue. And that with your filings, you addressed that question at length, and so where's the harm for not knowing that the Secretary's decision specifically referenced it? Well, the harm is in a couple of things. Firstly, in our complaint in the Court of Federal Things, we did raise the conduct on becoming from the BCMR's opinion. But you have the IG opinion. Yeah, but the IG is not a decision. It's just an investigation. The IG has no authority. But there are such conclusions, right? But the trouble is what the IG did not do. The IG didn't do it, and this was in the BCMR, and it's also in our complaint. The IG never established that anything he's supposed to have done with these civilian women is military misconduct that would affect the character of his service. It is, at most, something that might be a bad mark on his private life, depending on how true it all is. But this statute does not allow – Wait, did you make the argument before the Board that this conduct, even if true, would not constitute misconduct under the Code? I wasn't there at the Board, I will admit. I read the argument in there, but – Well, that's pretty critical, at least speaking for myself. So do you have an answer to that? I mean, are you saying you did? Because I didn't think you were asserting that. I'll have to re-look to see that one, because that is not something that was in my mind until I came here. But I thought it was clear from the IG report that they addressed that question, am I mistaken? Actually, yeah. Sorry, but let me backtrack on that one point, which was that because we didn't know, even at the BCMR, didn't know what the actual decision was based on, there was no way we can waive an argument against the Secretary's decision when we don't know what the Secretary's decision is. And we didn't learn the Secretary's decision until the BCMR issued its decision. But coming back to the question I just asked, is it not true that the IG's report found that that would be conduct unbecoming? Yes, the IG's report found that, although there's two problems there. Firstly, the IG's report did not come up with an actual military standard that he's supposed to have violated before 2015. When you look at the particular arguments that the IG uses to get to conduct unbecoming, firstly, he talks about the adultery with a subordinate. That's very clearly conduct unbecoming, and it's in 2018. He also talks about, well, his relations with one of these women is very public, and it was seen by people at this Air Force base that he didn't get assigned to, to 2017. But what the IG did not do, and the IG would have to do it in order to establish military misconduct, is to show some military standard that forbids something he found Mr. Gersten did before 2015. And there is nothing in the IG's report that doesn't address the military standard question? It doesn't address it enough. What he does is, he uses a false standard, if I remember, because we argued this a lot at oral argument on the MJAR that, of course, we never got to because it was dismissed. And that was, he just said, the only issue is, did he intend to act indecently or indecorously in his private life? And we argued at some length, that's not a proper military standard. And he didn't cite anything for it. I looked up enough case law to know where those words came from. But I argued for the MJAR that he didn't mean, that the standards do not mean that every time someone in his own personal life... When you say you argued, which argument were you talking about? The oral argument on the MJAR and also the briefs that I filed on the MJAR. I'm confused. This military standard question is not new. And you knew that the IG report made a finding that he engaged in these extramarital affairs. And it made a finding that that was conduct of the coming. It was certainly open to you to argue the military standard question. Judge Prost asked you whether you did or not. You don't remember. But why should we excuse your failure to do it or leave the IG's report as not reaching that question? Because what we're challenging in this suit is the decision ultimately of the Secretary of the Air Force. That decision, because the Air Force was obstructed, we were not allowed to see until after the BCMR issued its decision. In fact, it was in the BCMR's decision itself that they told us, by the way, the Secretary based her decision on an IG report that made these particular findings. Fair enough. It probably was error not to give you the report. Okay? But it would seem to be almost error if you knew that the IG report was from the center and had the opportunity to address that. So again, how could we even know that it was from the center? We attacked, or with his prior counsel, Mr. Gerstin attacked what he had. The IG report was what he had, but it wasn't necessarily part of or a central part of the Secretary's decision. He had no way of knowing what was in the Secretary's decision. It could have been something completely different. It could have been only that, which is what it appears to have been, or some mixture of the two. But he had to, when he went to the BCMR, he had to fly blind. And because he's flying blind, because he doesn't know what it's deciding on, it kept him away from it. He did make the argument, didn't he, that the nature of the evidentiary support for the alleged relationships, he challenged the evidentiary support for the relationships. That was in the IG's report, right? So he did do that challenge.  And furthermore, in the BCMR, that's an appropriate kind of challenge, because the BCMR is not limited to substantial evidence or the sort of things you'd use in the court of Federal. In the BCMR, you can go into merits questions like, believe this witness, not that witness, and so forth, which you did. But, you know, that's because the IG investigation was all he had. But that doesn't foreclose making a challenge to the actual decision once we find out what's really in it, which he did not find out before he filed and got the results in the BCMR petition. And even then, the BCMR petition didn't give us a copy of it. They just summarized what they said it says. Mr. Wilkerson, do you agree the critical part of the IG decision is found in Appendix 201 through 204, over to 205? Let me flip over to 201. This is Appendix 201. Right, that's what I'm flipping to, yes. 201. And let's see. This seems to be the part of the IG decision where it's talking about the evidence with respect to matters that took place prior to March 2 of 2015.  And there, but is this the critical part of the IG report? Let's see. That and just... In terms of the evidence. Right. I'm looking at the following page with it. That is the part, yes, sir, that I parsed out when we were arguing the MJAR to show why you haven't got something in the pre-2015 period. So this is the key part. Yes, sir. With respect to the prior to 2015. Yes, sir. I may have a few other pages that I cited, but that's where the IG gets to his conclusions. This is where the IG talks about the evidence relating to those events. Right. And, you know, again, it's not even so much the events themselves. It was the IG's failure to come up with a military standard that those violate. And as it turns out, although we couldn't have known this before the BCMR, but as it turns out, the Secretary didn't come up with a standard. Well, except on 205, it's allegation two, and it calls out that seriously compromised his standing as an officer in violation of 133. That's what the IG report says. Yes. But that's just, you know, that's a conclusory statement that doesn't fit his evidence before 2015. Because if you look at his facts that support that statement, it's like the biggest one outside of the adultery in 2018 is he said, well, his relation with this woman was known to people at this Air Force base that he was assigned to in 2017. But the IG, and this is apparently making the complaint as well, the IG was never really focused on when. The IG was not doing this in support of a retirement grade determination. The IG was trying to find out, did he commit the misconduct? And so the IG was given these allegations, one of which I think goes back from 2008 to 19, and, you know, took those as a block. But when it came to actually doing the analysis to say that he found violations of the standards, he didn't take the trouble. He had no reason to take the trouble to say, now, wait a minute, do I have a violation before March 2015? Can I ask you one quick question before time runs out? Yes, ma'am. Is it the case that misconduct must be found in order to deem service at a particular level unsatisfactory under 1370? And if so, do you have a case in which we've said that? I don't have a case in which you've said it. I have an argument for it, which I can make.  I have your argument in your briefs. I've just. Right. But it's partly from A3 of the statute itself. And the fact that A3 is even there. It's arguably implicit. It's not. Right, right. Although with A3 and with the Air Force instructions. Well, I was hoping you'd have a case. Right. No, I can't find a case where someone's already said that. All right. Thank you. We're out of time. We'll give you two minutes. Ms. Pizak. Good afternoon. May it please the Court. I've got to say that I find it rather odd that the government argues that this whole thing is non-justiciable and convinced Judge Smith that that was the case in the light of Fisher and now Bader. Your Honor, I think what our position is that when the question is, is the service satisfactory, that is a question that absent a procedural problem is. Well, Fisher and Bader reject that. To the extent that the decision rests on factual findings, there's a substantial evidence question. And the Court can review that. And I don't see no basis for your argument that that's non-justiciable. Your Honor, I think that I would respectfully disagree that those cases reject that premise. I think it may be true that there are certain underlying allegations that are deemed to be procedural. And where that line is is perhaps a question. I would say, to add to you, the other thing that I find odd relatedly about the position the government is taking is that it's all about reviewing what the Secretary of the Air Force did, not what the Board did. And I think based on our cases or whatever, I'm looking at this thing, we're talking about what the Board did and our cases analyze the Board's review. And you, I think, if I'm recalling correctly, rely exclusively on the Secretary of the Air Force's decision. And that seems odd to me. Your Honor, I don't disagree. And we did that because you don't disagree that it's odd? I don't disagree that typically the focus is on the Board's decision. Plaintiff here, now Petitioner, basically disregarded the Board's decision below and was solely attacking the Secretary's decision. What they're saying is that it was error for you not to give them the Secretary's decision, which is clearly correct, right? Your Honor, I'm not sure that's true. How could it not be true? How could it be that you didn't have an obligation to give them the Secretary's decision that they were challenged? I don't know what the disclosure requirements are in front of the Board. As far as I know, that question never came up in front of the Board. There was a FOIA request a month after the Board's decision for the Secretary's memorandum. And granted, perhaps it should have been provided at that point, and it was not. It was provided through the administrative record at the court. But that was after the Board had already rendered its decision. And as far as I know, it did not come up whether or not that decision was available in front of the Board. On justiciability, can't the Board adjudicate the issue of whether the Secretary's 06 decision was erroneous? I mean, that's what it did, right? Yes, Your Honor. I think the Board, with the appropriate discretion provided to the Secretary for that decision, can review that decision, which I believe is what it did. So if that's so, then why couldn't we review the Secretary's decision, if that's what we were doing, which I don't agree with, but under the same standard that the Board used? It seems like it's not an entirely standardless undertaking. Your Honor, I think that is exactly the point of the Court's decisions in Atkins, and then this is something that was echoed in the Court of Federal Claims decision in Bader prior to you. But that argument is untenable. In Fisher, that interpretation of Atkins was specifically rejected. And for you to revive it as though Fisher never existed seems to me to be improper. Understood, Your Honor. And I'm happy to move on. I think we would just say that to the extent that there is any question about the character of an individual's service, that limited – certainly that limited question is something that – Your argument was that this was an effort to redetermine who should be a member of the military, an argument which was discussed at length in Fisher and explicitly rejected, which said that this is a question of retirement compensation. And you shouldn't be making arguments that are contrary to established precedent. I understand, Your Honor. I think we understood our argument to be a bit different, but I take the Court's point and I can move on. Well, can I move on? Oh, go ahead. Just on the specifics, is it the case that misconduct, in the government's view, must be found in order to have a level – unsatisfactory level under 1370? So, Your Honor, the Air Force's instruction includes – it references improper conduct, it references misconduct, and it also references substandard performance. So I don't know that that term is particularly defined, but I think it requires a determination there was something wrong, but I think certainly not misconduct in the sense that there has to be a criminal violation of either the UCMJ or some other criminal statute. That's not in any reg or statute. Should we set aside the decision if we were to conclude that there was – it was not established that this was conduct unbecoming? Sorry? Should we set aside the decision if we conclude that there was no proof of conduct unbecoming? No, Your Honor. No? For a few reasons. First, at least on the basis – this takes me into a different argument, I guess, the waiver argument. There was no decision yet – there has been no consideration by the Board of the plaintiffs of Mr. Gersten's arguments about whether or not there was a violation of Article 133. And I don't think the Court should be the one to make that in the first instance. No, no, I understand. But I'm just saying let's assume that we conclude that there was – that a violation of Article 133 wasn't established. I understand that you say we shouldn't do that and so on and so forth, but if that's the case, then the Secretary's decision would have to be set aside, correct? I don't believe so, Your Honor. Why? Because the – what the Secretary did was rely on the factual findings made by the IG – by the IG. And that decision, whether or not – or that, excuse me, that report, whether or not it rises to the level of an actual criminal violation or not, sets out facts, specifically – But didn't the Secretary find it was a violation of 133? No, Your Honor. She simply – Where do we find her decision? Her decision is at – 161? 161. Yeah. And all it does is restate – It says we're strongly engaged in inappropriate personal relationships with multiple women, which seriously compromises standard in violation of 133. Yes, Your Honor. That is a recitation of what the IG report found. So at the beginning of that sentence is, the SAF IG investigation substantiated that, one, the first allegation, and two, between Honor about 1 October, et cetera, which you just read. And if you compare that to the IG allegation, it's identical. She just took what the IG report said and is reporting what they found. But she concludes in the next paragraph that he, within the meaning of – she cites 1370. Yes, Your Honor. So I asked you the question about whether misconduct is an implicit requirement of 1370, and I think that's at least a fair question. Or your answer was maybe it's not misconduct, it could also include improper conduct? Your Honor, I don't think 1370 speaks at all to what is required for that finding other than some procedural – not procedural, mostly timing aspects. But 1370A, which is what she cites, too, is simply that the person entitled to retired pay shall be credited with satisfactory service in the highest permanent grade at which that person served satisfactorily at any time in the armed forces as determined by the Secretary of the Military Department concerned in accordance with this section. It's simply a requirement of the Secretary. That talks about to determine that an officer committed misconduct by a lower grade. I mean, I don't think it's absolutely clear, and I asked your friend and I'll ask you. I don't think we've decided that question in construing 1370. Could I ask you a related question to Judge Dykes that you're going to like a lot better? Which was suppose we were to assume that at least some of the – we're looking at the – we're reviewing the Board opinion, and we're assuming that some of the underlying issues that related to his downgrade were justiciable, but that under our deferential standard of review, there's no reversible error because – largely because of the waiver. That's a hypothetical. What do we do with the judgment? We can't – I don't think you can affirm it because this was a dismissal. There was a government's motion for whatever on the record, adjudication on the record, and he – he – the court could have claimed that that's moved. So do we – I mean, this is just a kind of a technical question, but do we send it back and say that he should undo this result and find on the record? How do we handle that if things go your way on the underlying record? That's a very interesting question, Your Honor. I can't think – It's not a dismissal. I think that's correct. I think – I would normally say that the court can – can affirm the decision based on any grounds supported by the record. No, not when it's a dismissal. But not when it's a dismissal if the affirmance would be on – On the record. On the record. And explicitly ruled that those are – that those were moved. Yes, Your Honor. So I think what the court would do or what the – in that situation would be to – to remand with an instruction to enter a judgment on the record and – in the direction that the court finds. Are you finished answering Judge Dyke and Judge Prost? I think so. Unless – I'm sorry. I didn't really answer the question. Is it your position that we can review whether substantial evidence supports the finding that Colonel Gersten – I'll call it – say Mr. Gersten engaged in conduct with these people before 2015? We can look, can we not, at whether substantial evidence supports what the board found he did, correct? The physical acts, whatever it might be. Yes, Your Honor. You're saying we can review that for substantial evidence. I mean, that's – I mean, the cases make it clear that we can review a board decision for substantial evidence, so – Yes, to the extent that we're talking about the board decision, yes. So we can review whether substantial evidence supports the board's finding that he did A, B, and C, correct? Yes, Your Honor. Yes. But you're saying what we can't review is the determination that having done A, B, and C, he did not perform satisfactorily. Certainly, Your Honor. Yes. Well, there's an interim step in there. Can we also review a determination that this conduct violated 133? So, first, Your Honor, I would say I don't believe so, at least under this record. I also don't believe that it's – What do you mean under this record? Well, again, it hasn't been presented to the Air Force in any way, so there is no Air We put aside the facts of this case.  In a typical case, we would be able to review both the underlying issue of whether the facts took place and whether that was a violation of 133. I think that's correct, Your Honor, although I'm not sure what the standard would be for that review. And that would also be setting aside the question of whether or not a finding of a violation of 133 is actually required for this.  But, yes, I think – again, I'm not sure what the standard would be, but certainly the court could review whether or not there is a violation. Ms. Buell, let me ask you a question. I would have thought – and maybe I'm wrong, maybe you did say, correct me if I'm wrong – I would have thought you would say that we cannot review the determination that the conduct was unbecoming. I think – Because you have facts and the Secretary says – well, in fact, the review board that came up with the decision that he could retire as an 07, right? Yes. That board found the conduct not disqualifying because it didn't find the conduct unbecoming. Respectfully, I don't think that's correct, Your Honor. They found that the charge of conduct unbecoming was substantiated even for that timeframe. But in weighing the satisfactory service, which, again, requires – it requires the type of misconduct weighed against the effect on the service and the correct of the service –  I guess, however, my question is, are you saying that the question of whether conduct is unbecoming, which was what you were discussing with Judge Dyke, is that something we can review? Or can we only review whether the conduct that took place occurred? You can – Do you understand what the difference – Yeah, I do, Your Honor. And I think if – Well, you just told me that we could review the – You can't – Well, we can't determine whether that is the solid ground for satisfactoriness or not. That is certainly true, Your Honor. I think there are certainly circumstances where the courts review a – for example, an actual court-martial conviction or whether or not the conviction should stand. Under the circumstances here – and, again, this is why I brought up – I'm not sure what the standard of review would be. It could be that it is something basically akin to substantial evidence. I don't think that would be the right – exactly right. But a very deferential standard of whether or not the article was violated. So it certainly wouldn't be a de novo review or anything that high. But I'm simply acknowledging that courts are, in at least certain circumstances, have the ability to review UCMJ violations. And, again, I apologize for not knowing what the standard of review is typically in those – for those cases. Okay. Unless there are other questions, I think we're done. Okay. Unless there are any questions about the waiver issue, I – I think we're okay. Thank you. Okay. Thank you, Your Honor. Mr. Wilkins, you have two minutes. Yes, ma'am. All right. The question one of you just asked about the right remedy I think is very important – I mean, the right action for you to take. If you do find that there is a waiver in this case, under these circumstances, the sensible thing is to remand it to the court – I thought I had six rebuttals. It says two. No, two. Oh, I beg your pardon. Okay. The – You used some of it. Oh, I see. All right. But the thing to do would be to remand it to the court and say, remand this back to the BCMR and let them raise that issue in front of the BCMR. I think that would be a much fairer option in this case since the first time he went to the BCMR, he didn't know what he was up against in terms of the Secretary's decision, and that would be the most efficient way to let the BCMR have a crack at the issue of whether there is any evidence of conduct unbecoming or another violation of a military standard. And, you know, especially because since this was a decision on dismissal, it wasn't clear to me how the trial court was even able to reach this waiver issue because the waiver issue doesn't come out of the complaint. The waiver issue comes out of a reading of documents in the administrative record, which you normally don't get to if you're just ruling on a dismissal. So instead of saying now we're granting an MGR based on this, especially when it has this dubious aspect of the Air Force hiding the most important document, then the most sensible way to handle that is to say back to the trial court, trial court, remand it to the BCMR. At least the Air Force BCMR does have instructions requiring them to give a high priority to petitions when those petitions are sent to them by federal courts. And that is more important than anything else that I was going to say, except to reiterate that Section A3 of the statute does suggest that the satisfactory determination is limited by some kind of misconduct, whether it's criminal or a violation of a custom that can be established with evidence. Okay, I think we're out of time. Thank you. Thank God for the case. And so that concludes our session for this afternoon.